IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMES PEEPLES**                                                                                         **PLAINTIFF**

VS.                                           **4:24-CV-00027-BRW**

**ARKANSAS OFFICE OF CHILD
SUPPORT ENFORCEMENT,** *et al.*                                                          **DEFENDANTS**

## ORDER

Pending is Defendants' Motion to Dismiss (Doc. No. 13). Plaintiff has responded.[1]  For the reasons set out below, the motion is GRANTED.

Plaintiff's complaint[2] "seek[ing] relief from a fraudulent contract that the Arkansas Department of Child Support Enforcement, et al. had [him] enter into . . . with [his] signature on court documents or by court order unwittingly . . . ."[3]  Following that is a rambling dissertation on the unrelated general history and inequities of child support.  He asserts claims for defamation, intentional infliction of emotional distress, and false imprisonment.[4]  All of his claims are related to a Yell County Circuit Court case (*Rachel Peeples v. James Peeples*, 75NDR-19-56) where it appears that judgment was entered, but issues continue.

---

[1]Doc. No. 16.

[2]The complaint violates Federal Rule of Civil Procedure 8.

[3]Doc. No. 1 at 2.

[4]*Id.* at 11-12.

1

For reasons including, but not limited to, failure to state a claim, *Rooker-Feldman*,[5] abstention,[6] and immunity,[7] the Motion to Dismiss (Doc. No. 13) is GRANTED and this case is DISMISSED.  I decline to retain jurisdiction over the state law claims, assuming there are any. Although some Defendants have not been served, the analysis applies equally to them.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED this 5th day of March, 2024.

        Billy Roy Wilson
        UNITED STATES DISTRICT JUDGE

---

[5] Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, do not have subject matter jurisdiction to hear challenges to state court judgments.  If a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim may not be heard by the federal court. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000).

[6] Assuming Plaintiff is raising issues that were not affected by the judgment, there is a "policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). The complaint does not set out any special circumstances.

[7] *Smith v. Hutchinson*, No. 21-2904, 2023 WL 2292273, at *1 (8th Cir. Mar. 1, 2023) (holding that claims "against a state agency . . . cannot be brought in federal court regardless of the remedy sought.